# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| PHH MORTGAGE CORPORATION<br><br>PLAINTIFF<br><br>v.<br><br>KATHY L. WHITNEY, CO-PERSONAL REPRESENTATIVE OF THE ESTATE OF RACHEL COTE;<br>CYNTHIA C. NICHOLAS, CO-PERSONAL REPRESENTATIVE OF THE ESTATE OF RACHEL COTE;<br>UNITED STATES OF AMERICA, DEPARTMENT OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT<br><br>DEFENDANT(S) | CIVIL ACTION NO: |

## COMPLAINT FOR FORECLOSURE

NOW COMES Plaintiff, PHH Mortgage Corporation by and through its attorneys, Korde & Associates, P.C., and complains against the Defendants pursuant to 14 M.R.S. § 6321 et seq. saying further as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction on the basis that the United States of America is a defendant in this action, pursuant to the authority granted under 28 U.S.C. § 2410(a)(2). Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

**PARTIES**

3. Plaintiff, PHH Mortgage Corporation, is a corporation incorporated under the laws of State of New Jersey with a principal place of business located at 1 Mortgage Way, Mount Laurel, NJ 08054.

4. Defendant, Kathy L. Whitney, Co-Personal Representative of the Estate of Rachel Cote, is an individual with a last known address of 596 Fletcher Road, Auburn, ME 04210.

5. Defendant, Cynthia C. Nicholas, Co-Personal Representative of the Estate of Rachel Cote, is an individual with a last known address of 24 Huston Avenue, Auburn, ME 04210.

6. Defendant, United States of America, Department of the Secretary of Housing and Urban Development, is a governmental agency with a last known address of 451 Seventh Street S.W., Washington, DC 20410

**FACTS**

7. The Estate of Rachel Cote is the owner of certain real property located at 25 Eighth Street, Auburn, ME, by virtue of a deed from Leonard J. Cote to Leonard J. Cote and Rachel Cote, as joint tenants, dated August 4, 1982, and recorded in the Androscoggin County Registry of Deeds on August 6, 1982, in Book 1592, Page 175. Upon information and belief Leonard J. Cote died on January 21, 2019, leaving Rachel Cote as surviving joint tenant. Rachel Cote died on June 24, 2022. Kathy L. Whitney and Cynthia C. Nicholas were appointed Co-Personal Representatives of

the Estate of Rachel Cote. Reference is made to Androscoggin County Probate Court Docket No. 2022-529.

8. On April 14, 2017, Leonard J. Cote and Rachel Cote executed and delivered to Liberty Home Equity Solutions, Inc. a certain Home Equity Conversion Promissory Note (the "Note"). A copy of the Note is attached hereto as Exhibit A.

9. Plaintiff is entitled to enforce the Note, as Liberty Home Equity Solutions, Inc. executed an allonge attached on the original Note payable to Ocwen Loan Servicing, LLC, which then executed an allonge payable to blank attached to the original Note, rendering the Note enforceable by the party in possession of the original Note.

10. Plaintiff certifies that the owner of the Note is PHH Mortgage Corporation.

11. To secure the Note, Leonard J. Cote and Rachel M. Cote granted a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Liberty Home Equity Solutions, Inc., its successors and assigns, in the maximum amount of $271,500.00 dated April 14, 2017, and recorded on April 20, 2017, in the Androscoggin County Registry of Deeds in Book 9580, Page 166 (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhibit B.

12. The property secured by the Mortgage is known as 25 Eighth Street, Auburn, ME 04210, and is more particularly described in the Mortgage (the "Premises").

13. The Mortgage was assigned by Assignment from Mortgage Electronic Registration Systems, Inc., as nominee for Liberty Home Equity Solutions, Inc., its successors and assigns, to PHH Mortgage Corporation dated September 1, 2022, and recorded on September 23, 2022, in Book 11214, Page 298. A copy of the Assignment is attached in Exhibit C.

14. The Mortgage was assigned by Assignment from PHH Mortgage Corporation DBA Liberty Home Equity Solutions, Inc. formerly known as Genworth Financial Home Equity Access,

Inc. formerly known as Liberty Reverse Mortgage, Inc. to PHH Mortgage Corporation dated November 21, 2022, and recorded on November 28, 2022, in Book 11260, Page 52. A copy of the Assignment is attached in Exhibit C.

15. No claim is being made against Leonard J. Cote and Rachel Cote or their Estates in this action.

16. DefendantUnited States of America, Department of the Secretary of Housing and Urban Development, may claim an interest in the Premises by virtue of a mortgage dated April 14, 2017, in the amount $271,500.00 recorded on April 20, 2017, in Book 9580, Page 182.

17. In accordance with the terms of the Note and Mortgage, all sums advanced pursuant to the Note and Mortgage are due and payable in full in the event that the borrower no longer occupies the subject property as a primary residence.

18. The requirements of 14 M.R.S. § 6111 and M.R.S. § 6321-A do not apply in this matter as the borrowers are deceased and the subject property is not the primary residence of the Defendants.

19. By letters dated February 1, 2023, Plaintiff provided notice that the Note was in default and demanded payment thereon. Copies of the Notices of Default and proof of delivery are attached hereto as Exhibit D.

20. The notice was given on February 1, 2023, by first class mail, postage prepaid, with a United States Postal Service Certificate of Mailing and by certified mail, return receipt requested, and therefore have expired.

21. The default has not been cured and all sums due under the Note and Mortgage are presently due and payable.

22. The following amounts are due and payable to the Plaintiff, exclusive of costs of collection, including attorney's fees, under the terms of the Note and the Mortgage:

| | |
|---|---:|
| Principal Balance | $112,079.00 |
| Accrued Interest | 20,866.23 |
| Appraisal Fees | 862.50 |
| Property Inspection Fees | 180.00 |
| Property Preservation Fees | 210.00 |
| FC Attorney Fees | 1,925.00 |
| MIP | 6,969.15 |
| Intra Month Per Diem Total | 466.81 |
| Taxes | 4,313.48 |
| Hazard Insurance | 1,409.00 |
| Title Fees | 667.50 |
| Certified Mailing Costs | 61.50 |
| Total | $150,010.17 |

Additional interest will accrue and be compounded on said principal balance in accordance with the terms of the Note.

23. Plaintiff anticipates that additional disbursements will be made for attorney's fees and other services rendered during the foreclosure and sale.

24. Pursuant to the terms of the Mortgage, Plaintiff is entitled to reasonable attorney's fees and all costs allowed by law in any lawsuit for foreclosure and sale.

25. Pursuant to 14 M.R.S. §6101, the Plaintiff may charge reasonable attorney's fees if the Plaintiff prevails in its action for foreclosure and sale.

**COUNT I - FORECLOSURE**

26. Plaintiff repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for foreclosure and title to real estate located at 25 Eighth Street, Auburn, Androscoggin County, Maine 04210. See Exhibit B.

28. Plaintiff is entitled to enforce the Note, as Liberty Home Equity Solutions, Inc. executed an allonge payable to Ocwen Loan Servicing, LLC attached on the original Note, which

executed an endorsement payable to blank attached to the original Note, rendering the Note enforceable by the party in possession of the original Note. See Exhibit A.

29. Plaintiff, directly or through its agent, is in possession of the original Note, and copies of the Mortgage and any assignments.

30. Plaintiff, PHH Mortgage Corporation, is the current owner of the Mortgage and Note.

31. Plaintiff is the party entitled to collect the debt evidenced by said Note.

32. In accordance with the terms of the Note and Mortgage, all sums advanced pursuant to the Note and Mortgage are due and payable in full in the event that the borrower no longer occupies the subject property as a primary residence.

33. The requirements of 14 M.R.S. § 6111 and M.R.S. § 6321-A do not apply in this matter as the borrowers are deceased and the subject property is not the primary residence of the Defendants.

34. By letters dated February 1, 2023, Plaintiff provided notice that the Note was in default and demanded payment thereon. Copies of the notices and the proof of delivery are attached hereto as Exhibit D.

35. Plaintiff certifies that all steps mandated by law to provide notice of the default and of the right to cure have been taken and strictly performed.

36. The default has not been cured and all sums due under the Note and Mortgage are presently due and payable.

**PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Determine that there has been a breach of condition of the Mortgage;

B. Determine the amount due on the Note and Mortgage, including principal, interest, reasonable attorney's fees, court costs, and other expenses;

C. Issue a Judgment of Foreclosure and Sale in conformity with 14 M.R.S. § 6322;

D. Order exclusive possession of the Premises to the Plaintiff upon the expiration of the statutory ninety (90) day period of redemption set forth in 14 M.R.S. § 6322, and direct the Clerk to issue a writ of possession at the request of the Plaintiff; and

E. Grant such other and further relief as the Court may determine proper.

Dated 4/07/2023

Respectfully submitted,

/s/ Robert Jackson
Robert Jackson, Esq., # 4496
Attorney for Plaintiff
KORDE & ASSOCIATES, P.C.
707 Sable Oaks Dr., Suite 250
South Portland, ME 04106
(207) 775-6223
rjackson@kordeassociates.com
MEFEDNotices@kordeassociates.com